542 P.2d 1143

**PIMA COUNTY, a body politic, the Pima County Board of Supervisors, Ronald Asta, Conrad Joyner, E. S. "Bud" Walker, Joseph A. Castillo, and Sam Lena, Appellants,**

v.

**Frederick R. SCHAUSS and Adele Schauss, husband and wife, Appellees.**

**No. 2 CA–CIV 1882.**

Court of Appeals of Arizona,
Division 2.

Dec. 5, 1975.

Rehearing Denied Jan. 7, 1976.

Review Denied Feb. 10, 1976.

Dennis DeConcini, Pima County Atty., by Albin Krietz, Deputy County Atty., Tucson, for appellants.

Harrison G. Dickey, Tucson, for appellees.

OPINION

KRUCKER, Judge.

This was a suit brought by appellees, Frederick and Adele Schauss, against appellants, Pima County, the Pima County Board of Supervisors (hereinafter "the board"), and the board's individual members, pursuant to A.R.S. Secs. 11–641 and 11–642. Appellees' complaint, filed on December 19, 1972, sought to enjoin the board from holding public hearings or taking official action on amendments to the county master plan that have not first been adopted by the affirmative votes of a majority of the members of the Pima County Planning and Zoning Commission (hereinafter "the commission"). The complaint also sought to hold the board's individual members personally liable to the county for funds spent on such hearings in the past. The trial court granted a preliminary injunction on April 18, 1973, and made the injunction permanent on January 7, 1975.

No damages were awarded. Appellants now bring this appeal from the order granting the permanent injunction. We reverse.

On numerous occasions in 1972 the commission entertained proposals to amend various Pima County area and neighborhood plans. Eleven of the proposed amendments failed to receive the affirmative votes of a majority of the commission members. These proposed amendments were nevertheless forwarded to the board, which held public hearings on each one. The board ultimately enacted all eleven amendments.

On November 16, 1972, appellees delivered a letter to the Pima County Attorney demanding that he bring an action to recover for the benefit of the county all funds the board had spent in holding hearings on the eleven proposed amendments to the county plan. The Pima County Attorney failed to file such an action within 20 days after receiving the letter and appellees thereafter filed this suit. See A.R.S. Sec. 11–642, set forth *infra*.

This appeal raises two questions: (1) whether A.R.S. Secs. 11–641 and 11–642 may properly be invoked in a suit to enjoin the holding of public hearings; and (2) whether the board is authorized by statute to hold public hearings and take official action on county plan amendments that have not been adopted by the affirmative votes of a majority of the members of the commission. We need only consider the first of these questions.

A.R.S. Sec. 11–641(A) and (B) provide:
"A. When a board of supervisors, without authority of law, orders *any money paid from the county treasury*, the board and the party in whose favor the order is made shall be jointly and severally liable for the money with interest at the legal rate, and twenty per cent additional on the principal amount. If the money is paid on a claim presented by a member of the board, the supervisor presenting the claim, the board and the county treasurer approving the claim shall be jointly and severally liable for the money with interest at the legal rate, and twenty per cent additional on the principal amount.

B. If an illegal payment of money is made as described in subsection A of this section, the county attorney shall institute an action in the name of the county against the supervisors and others liable, to *enjoin the payment of the money*, or if it has been paid, to recover it with interest at the legal rate, and twenty per cent additional on the principal amount, to be paid into the county treasury to the credit of the fund from which the allowance was made." (Emphasis added)

A.R.S. Sec. 11–642 provides:
"*If a county attorney fails for twenty days after written request made by a taxpayer of the county to institute an action as provided in Sec. 11–641, then any taxpayer of the county may bring the action in his own name and at his own cost, with the same effect as if brought by the county attorney.* The person instituting the action shall execute a bond with two or more sureties, made payable to the defendant conditioned that if the plaintiff fails to prosecute the action with diligence and to effect, that the plaintiff will pay all damages sustained by the defendant by reason of the action and all costs incurred therein. If the taxpayer prevails in the action the court shall allow the taxpayer costs and a reasonable attorney fee not to exceed forty per cent of the amount recovered or saved to the county." (Emphasis added)

Appellees argue for a reading of these sections that would allow any taxpayer to challenge the validity of any official activity of the board of supervisors for which county funds were incidentally expended.[1]

---

1. It is significant that the trial court's injunction was directed not at the payment of money, but at the holding of public hearings on amendments to the county plan.

It is apparent that appellees, who do not claim to have suffered any special or unique injury as a result of the board's actions, have sought to derive from A.R.S. Secs. 11–641 and 11–642 a right to sue which they would not otherwise have had.

In prior Arizona decisions that have permitted actions to be brought under A.R.S. Secs. 11–641 and 11–642, the principal issue has always been the propriety of a specific expenditure. See, e. g., *County of Maricopa v. Rodgers*, 52 Ariz. 19, 78 P. 2d 989 (1938) (excess salary paid to judge after legislature decreased salaries of all state judges); *Pima County v. Anklam*, 48 Ariz. 248, 61 P.2d 172 (1936) (payment of anesthetist fees to county physician in addition to his agreed compensation); *Hartford Accident and Indemnity Co. v. Wainscott*, 41 Ariz. 439, 19 P.2d 328 (1933) (premiums paid on insurance to indemnify county against liability arising from use of its motor vehicles); *Austin v. Barrett*, 41 Ariz. 138, 16 P.2d 12 (1932) (mileage costs incurred by supervisors in traveling from their homes to their offices). As our Supreme Court stated in *Coleman v. Greer*, 59 Ariz. 108, 123 P.2d 827 (1942):

> "The gist of the action is to recover for the county money which has been illegally paid from the county funds *by order of the board of supervisors*." 59 Ariz. at 111, 123 P.2d at 828 (Emphasis in original)

We think appellees' interpretation of A.R. S. Secs. 11–641 and 11–642 would extend those sections beyond their reasonable terms.

We note that all actions of the board must be taken through public hearings. If we were to hold that the sweep of A.R.S. Secs. 11–641 and 11–642 is sufficiently broad to authorize the instant suit, then individual members of the board could be held personally liable for the expenses of any public hearing held for what is later determined to have been an unauthorized purpose. That possibility would promote timidity and lack of imagination on the part of the board members, and would consequently impede the proper exercise of the board's legislative functions. We think such a result could not have been the intent of the legislature in enacting A.R.S. Secs. 11–641 and 11–642. We hold accordingly that those sections do not authorize this suit.

Reversed.

HOWARD, C. J., and HATHAWAY, J., concur.